UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Abel Diaz, | Civil Action No. 4:19-2423-BHH |
| Petitioner, | |
| v. | **ORDER AND OPINION** |
| Warden FCI Bennettsville, | |
| Respondent. | |

Petitioner Abel Diaz ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Rogers recommends that Respondent's motion to dismiss be granted and the § 2241 petition be dismissed without prejudice for lack of jurisdiction. (ECF No. 31.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## BACKGROUND

In this § 2241 action, Petitioner, a federal inmate at FCI Bennettsville, challenges his federal sentence, claiming the sentencing court violated his due process rights when it sentenced him to a term of life imprisonment in excess of the statutory maximum permitted for his drug offense in count one of the indictment without a jury finding of the drug quantity required to exceed a twenty year maximum sentence as authorized by

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

Congress for the underlying crime. (ECF No. 1 at 5.) Petitioner has previously made direct and collateral challenges to his conviction and sentence, including the *Apprendi v. New Jersey*, 530 U.S. 466 (2000) violation that he advances here. (*See* ECF No. 31 at 1–4 (detailing the procedural history of Petitioner's previous challenges).) Respondent filed a motion to dismiss on November 14, 2019, and Petitioner responded on March 20, 2020. (ECF Nos. 17 & 29.) The Magistrate Judge issued the instant Report recommending that the motion to dismiss be granted on April 20, 2020. (ECF No. 31.) Petitioner timely filed an objection (ECF No. 32) to the Report. The Court has reviewed those objections, but finds them to be without merit; therefore, it will enter judgment accordingly.

**<u>STANDARD OF REVIEW</u>**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed

2

findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On May 4, 2020, Petitioner filed a specific objection (ECF No. 85), and the Court has thus conducted the requisite *de novo* review.

## DISCUSSION

The Magistrate Judge found that dismissal is warranted because Petitioner is unable to satisfy the § 2255 savings clause and this Court lacks jurisdiction to consider the petition. (*See* ECF No. 31.) "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

3

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his sentence pursuant to the savings clause. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court lacks jurisdiction to consider the petition. *Id.* at 423. Here, Magistrate Judge Rogers determined that Petitioner cannot meet the second prong of the *Wheeler* test because there was no subsequent change of law deemed to apply retroactively on collateral review subsequent to Petitioner's direct appeal and first § 2255 motion. (*See* ECF No. 31 at 8.) The Report states:

> Apprendi was decided prior to Petitioner's trial and direct appeal. . . . Petitioner relies on the Eleventh Circuit case of United States v. Acevedo, [285 F.3d 1010 (11th Cir. 2002)], asserting that the Eleventh Circuit Apprendi law changed. The Eleventh Circuit case that Petitioner relies was decided in 2002, prior to Petitioner's § 2255 motion in 2003. Additionally, Acevedo did not make Apprendi retroactive. Therefore, this argument fails and Petitioner fails to meet the second prong of Wheeler.

(ECF No. 31 at 8.)

With the exception of a few opening paragraphs, Plaintiff's objection is a verbatim restatement of his response in opposition to Respondent's motion to dismiss. (*Compare* ECF No. 32, *with* ECF No. 29.) Petitioner concedes that "*if* the four prong *Wheeler* test were to govern his case without exception, that the [Report] is correct. However, Diaz

4

argues for an exception to *Wheeler* for his case, the procedural posture of which *Wheeler* did not anticipate nor resolve." (ECF No. 32 at 1 (emphasis added).) Counsel is to be commended for making creative arguments as to why *Wheeler* should not apply and why granting an exception to the second prong of *Wheeler* would not open the floodgates of litigation. (*See id.* at 3–6.) However, unfortunately for Petitioner, *Wheeler* undoubtedly applies to Petitioner's § 2241 petition. Moreover, Petitioner's objection fails to demonstrate any specific error in the Magistrate Judge's proposed findings and recommendations. The Report concludes that Petitioner is unable to meet the § 2255 savings clause requirements and this Court lacks jurisdiction to consider the petition. After *de novo* review, the Court agrees with the analysis of the Magistrate Judge and finds no error therein. Accordingly, the Court overrules Petitioner's objection.

In truth, if Petitioner's contention is correct that the Eleventh Circuit misapplied *Apprendi* when deciding his direct appeal, then he cannot satisfy even the first prong of the *Wheeler* test, because it could not be said that the Supreme Court precedent at issue established the legality of his sentence when it was rendered. *See Wheeler*, 886 F.3d at 429. There does appear to be tension between the Eleventh Circuit's decision affirming Petitioner's life sentence on direct appeal—finding (1) that there was no *Apprendi* error, and (2) even if there had been error, it would not have affected Diaz's substantial rights (*see* ECF No. 1-1 at 12–14 (quoting relevant language from Eleventh Circuit ruling))—and the Eleventh Circuit's opinion in *Acevedo*—stating, "Sentencing a defendant in excess of twenty years (the statutory maximum allowed without a drug quantity determination pursuant to Section 841(b)(1)(C)), without a jury determination of drug quantity constitutes plain error." 285 F.3d at 1012. Of course, the Court does not

5

have the authority to declare that the Eleventh Circuit's ruling in Petitioner's direct appeal was "wrongly decided," and the Court declines to express any opinion on the matter. The Court is not unsympathetic to Petitioner's procedural plight. But the Court is neither at liberty to invent, in contravention of controlling Fourth Circuit precedent, its own rubric for when a § 2241 petition is permitted to collaterally attack a federal sentence, nor to act as a *de facto* supervisory court to the Eleventh Circuit Court of Appeals. If Petitioner were to be allowed to pursue his current claim in this Court by way of a § 2241 petition, the jurisdictional law would have to change.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 19, 2020
Greenville, South Carolina